STATE OF MISSOURI EX. REL., MISSISSIPPI VALLEY TRUST COMPANY, ADMINISTRATOR C. T. A. OF THE ESTATE OF ERNST H. FRANZ, DECEASED, RELATOR, v. HON. ARTHUR H. BADER, JUDGE OF THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, PRESIDING IN DIVISION ONE THEREOF, RESPONDENT.—76 S. W. (2d) 457.

St. Louis Court of Appeals. Opinion filed December 4, 1934.

*Jacob M. Lashly* for relator.

*J. Hugo Grimm* for respondent.

BENNICK, C.—This is an original proceeding in mandamus, which is instituted at the instance of Mississippi Valley Trust Company, administrator c. t. a. of the estate of Ernst H. Franz, deceased, against respondent, HON. ARTHUR H. BADER, one of the judges of the Circuit Court of the City of St. Louis, and presiding in the assignment division of said court at the time of the issuance of our alternative writ herein.

·Suffice it to say that our peremptory writ is sought for the purpose of requiring and directing respondent as such circuit judge a sustain relator's application for the appointment of a special commissioner for the taking of certain depositions in what is conceded to be a cause now pending in the Probate Court of the City of St. Louis upon objections and exceptions to relator's final settlement in the estate in question. The exceptors are Security First National Bank of Los Angeles, trustee, and William E. Franz and Ehrhardt D. Franz; and the item of the settlement to which exception is taken (so we are informed by counsel in oral argument), is one whereby credit is assumed to be taken for the payment of attorney's fees to certain of the counsel for relator herein for services rendered by them to the estate in the course of litigation covering a period of years.

It appears that notice was served upon relator by the exceptors of their intention to take depositions on a day certain in the matter of their said objections and exceptions to the final settlement, and that thereupon, in due course, relator made application to respondent for the appointment of a special commissioner to take said depositions. The exceptors opposed said application, and were sustained by respondent, upon the ground that respondent, as judge of the circuit court, was without the power and jurisdiction to appoint a special commissioner for the taking of depositions in a cause pending in the probate court; and the correctness of respondent's ruling upon relator's said application is the question for our determination in this proceeding, with issue being joined upon a demurrer filed to the petition.

Concededly the point is to be determined by the interpretation to be placed upon Section 1759, Revised Statutes 1929 (Mo. St. Ann., sec. 1759, p. 4026), that being the section of the deposition statutes which makes provision for the appointment of a special commissioner under certain stated conditions, and prescribes his powers and functions when appointed.

At its very outset the section still retains its original provision that when the witness is found in this State, the deposition may be taken by the proper officer thereof without any commission or order from any court or clerk. Such, in fact, was the entire context of the section when it appeared as Section 2136, Revised Statutes 1879, immediately prior to the time that it was first amended so as to make provision for the appointment of a special commissioner.

As it now reads, the section provides that whenever a notice shall be given "in a cause pending in any city . . . of over fifty thousand inhabitants" to take the depositions of witnesses at any place in such city, the party upon whom notice has been served may, at any time after the service upon him of such notice and before the

taking of the depositions shall have commenced, and after having given the opposite party notice of his own intention, apply to the circuit court, or the clerk or any judge thereof, to appoint a special commissioner to take the depositions under the notice. Upon such application and proof of the service of notice thereof, the circuit court, or the clerk or judge thereof, shall thereupon appoint such special commissioner, who shall be an attorney of record in such court, disinterested, and of no kin to either party to such cause.

Provision is then made for the designation in the court's order of the time and place for the taking of the depositions before the special commissioner; for the giving of effect to subpoenas previously issued and served upon witnesses; for the compelling of the attendance of witnesses by attachment; and for the exercise by the special commissioner of the same power and authority, and for his being made subject to the same duties and obligations, as in the case of officers generally authorized by law to take depositions.

Then follows the provision that the special commissioner shall have the power and authority to hear and determine all objections to testimony and evidence, and to admit and exclude the same in the same manner and to the same extent as the circuit court might in a trial of said cause before such circuit court; and that whenever the special commissioner shall sustain an objection to testimony or evidence sought to be adduced, the party against whom the ruling is made shall have the right to have such ruling reported by the special commissioner to the circuit court, wherein the ruling shall be passed upon, and be either affirmed or reversed, and if it is reversed, the circuit court shall enter an order of record directing the special commissioner to cause the testimony or evidence so excluded to be admitted.

So the question ultimately resolves itself into one of whether Section 1759 is restricted by its terms to the matter of the appointment of special commissioners for the taking of depositions only in causes pending in the circuit court and none other, or whether it also contemplates the appointment of special commissioners even though the causes in which the depositions are to be taken are pending in other courts such, for instance, as the probate court.

To begin with, Section 1753, Revised Statutes 1929 (Mo. St. Ann., sec. 1753, p. 4023), provides that any party to a "suit pending in any court" in this State may obtain the deposition of any witness to be used in such suit conditionally. Thus the right to take depositions is in nowise limited to cases pending in the circuit court, but by this statute clearly extends to cases pending in any court in the state where issues of fact are to be tried and the practice permits the use of depositions. Consequently the taking of depositions in causes pending in the probate court has invariably been held permissible;

and, as we have already pointed out, it is conceded that in this instance the issues joined upon the exceptors' exceptions to relator's final settlement constitute a suit or cause pending within the meaning of the statutes.

Now with the right given to either of the parties to take depositions in a "suit pending in any court" in this State, we come next to Section 1759 which says that whenever notice to take depositions shall have been given "in a cause pending in any city . . . of over fifty thousand inhabitants," and the notice calls for the taking of depositions of witnesses at any place in such city, then the party served with such notice may make application to the circuit court for, and secure from it, the appointment of a special commissioner. Of course the appointment of the special commissioner must come from the circuit court, but it will be observed that the statute nowhere restricts the power of such appointment to cases pending in the circuit court. Rather it extends the power generally to any cause pending in any city of fifty thousand inhabitants and over, thus seemingly including within its application all courts over which the Legislature would have the power to legislate, and making the population of the city, rather than the identity of the court, the test of whether such an appointment might be made.

We need not speculate at any length as to why the Legislature saw fit to provide for the appointment of special commissioners only in causes pending in the larger cities of the State, though we think the reason for such distinction would be quite obvious, but it suffices for our present purposes merely to note that the Legislature did not purport to restrict the appointment of special commissioners to causes pending "in the circuit court" in such cities. Instead, by having omitted the use of any such qualifying and restrictive phrase, it would rather appear that the Legislature had necessarily and impliedly expressed an intent that the appointment of special commissioners might be had for the taking of depositions in any cause in which depositions might be taken under Section 1753, provided only that such cause was pending in a city having the required population. Certainly if the complexity of the issues or the amounts involved in causes arising in the larger cities would make the appointment of special commissioners a matter to be desired in the taking of depositions in such causes, then the very same considerations would at least apply equally to causes pending in the probate court as to causes up for trial in the circuit court.

It is true that Section 1759 does provide that the special commissioner shall rule upon objections to the admission of evidence "in the same manner and to the same extent as the circuit court might in a trial of said cause before such circuit court," but we are convinced that what the Legislature had in mind was to lay down a rule or

system of procedure to be followed in the taking of depositions before a special commissioner so as to make the practice conform to the accepted practice prevailing in the circuit court, rather than to intimate in any such roundabout fashion that a special commissioner could be appointed only in the event the cause was pending in the circuit court.

It is quite clear, we think, that the purpose of providing for the appointment of special commissioners for depositions to be taken in causes pending in the larger cities, where important litigation would be the rule rather than the exception, was to keep the field covered by the examination within legitimate limits by doing away with the informality and irregularity necessarily present and to be expected in the taking of depositions before officers not learned in the law.

And in such general connection it would seem that the Legislature had the same idea of orderly procedure in mind in making the special commissioner subject and answerable to the circuit court, rather than to the court in which the cause was pending. Insistent that the scope of the inquiry, though to be limited by the rules of evidence, be yet permitted to extend to any matter fairly pertaining to the subject-matter of the pending cause, the Legislature very wisely provided that where proffered evidence is excluded by the special commissioner, his ruling may be referred to the circuit court for review, where the rights of the parties may be protected by a review conducted in the light of accepted legal rules and principles. In so important a matter as the exclusion of evidence which may be forever lost if not admitted, and which the Legislature itself deemed of such importance as to provide for a review of the ruling during the very course of the taking of the depositions, a more anomalous situation could hardly be imagined than to have provided for the ruling of the special commissioner required to be learned in the law to be reviewed by someone occupying a judicial office but not required to be learned in the law as a qualification for holding the same. Thus it appears that absent the provision making the special commissioner answerable to the circiut court alone, the statute would, in a sense, have tended to defeat its own high purpose; and so we conclude that the intent of the Legislature was to provide for the appointment of special commissioners for the taking of depositions in cities of the requisite population and regardless of the identity of the court in which the cause was pending, but to make the special commissioner answerable to the circuit court as the highest trial court in our local judicial system, and as the one best suited to control his actions as an officer of the court.

And it is interesting to note that the above is the very idea which the course of the amendements to the act bears out. The first pro-

vision for the appointment of special commissioners was made in 1883 (Laws 1883, p. 84), and there it was indeed provided that application should be made to the court in which the suit was pending, a commissioner learned in the law being required only when it was proposed to take the deposition of the adverse party to the suit, or of any officer of a corporation which was a party thereto. It was also provided that such commissioner should have full power to pass upon the relevancy and competency of any question asked of a witness, and no provision was made for the review of any of the commissioner's rulings.

Then in 1885 (Laws 1885, p. 155), there was a further amendment so as to make the section read as it now appears in the 1929 revision, save that the application of the section was limited to causes pending in cities of over two hundred thousand inhabitants. So far as we have found, the extension of the act to causes pending in cities of over fifty thousand inhabitants first appeared in the 1889 revision (Sec. 4440, R. S. 1889).

We repeat that as the section was amended in 1883, the party desiring the issuance of a commission was expressly required to make application therefor to the court in which the cause was pending, but in the subsequent amendments, which were substantial and material, and involved the rewriting of the entire section, such express provision was omitted, and the general requirement laid down that for the section to apply there should merely be a cause pending in a city of a designated population. Under such circumstances the presumption would seem to be almost conclusive that the Legislature, in formulating what was practically a new procedure for the taking of depositions, knew what it was about and acted deliberately, and purposely omitted any requirement that the application should be made to the court in which the cause was pending, intending instead that the appointment of special commissioners might be had in causes instituted in cities of the requisite population, regardless of the identity of the court in which the cause was pending, though the appointment should be made by the circuit court, and that court should possess and retain a supervisory control over the special commissioner's conduct in the taking of the depositions.

Many practical difficulties have arisen in the past in the course of proceedings under the deposition law, and it may well be that practical difficulties of more or less moment will attend our interpretation of the section of the law now under inquiry, but all such matters may be cared for as the necessity arise, and the suspicion that they may perhaps eventually present themselves will not warrant us in denying what we conceive to have been the true purpose and intent of the Legislature in writing the section as it now reads.

So we conclude that respondent has the jurisdiction to make the order prayed for in relator's application; and it being conceded that the facts of the case meet the other tests laid down in the statute as conditions precedent to the appointment of a special commissioner, it follows that our alternative writ of mandamus heretofore issued should be made peremptory. The commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court.

The alternative writ of mandamus heretofore issued is, accordingly, made peremptory. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.